# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41080
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRES VILLARREAL-PARADES, true name Andres Villarreal-Paredes,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-818

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Andres Villarreal-Parades pleaded guilty to possession with the intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture containing methamphetamine. He was sentenced to 168 months of imprisonment, to be followed by five years of supervised release. His guilty plea was made pursuant to a plea agreement wherein he waived the right to appeal his conviction and sentence. In exchange for his plea of guilty, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41080

Government, in pertinent part, agreed not to seek an enhancement under U.S.S.G. § 3B1.1 for a role as a leader or organizer.

On appeal, Villarreal-Parades argues that the Government breached its plea agreement by advocating at sentencing for application of the § 3B1.1 enhancement. Although Villarreal-Parades waived his right to appeal his sentence in his plea agreement, "an alleged breach of a plea agreement may be raised despite a waiver provision." *United States v. Roberts*, 624 F.3d 241, 244 (5th Cir. 2010). Though we typically review de novo an alleged breach of a plea agreement, *id.* at 245, Villarreal-Parades did not argue in the district court that the Government breached the plea agreement. Thus, review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135-36 (2009).

In determining whether the terms of a plea bargain agreement have been violated, this court must assess whether the Government's conduct is consistent with the parties' reasonable understanding of the agreement. *United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002). At sentencing, the Government offered that Villarreal-Parades's actions "certainly . . . meet[] the definition and criteria" for the enhancement. This statement by the Government constituted a breach of the plea agreement because the Government argued, "even if mildly," in support of the enhancement. *United States v. Roberts*, 624 F.3d 241, 248 (5th Cir. 2001).

However, when the terms of the plea agreement were subsequently mentioned by defense counsel to the district court, the Government clarified that, under the terms of the plea agreement, it was not taking a position on the enhancement; it was neither seeking the enhancement nor recommending that it not apply. These statements by the Government in clarification cured the breach. *See United States v. Purser*, 747 F.3d 284, 293-94 (5th Cir. 2014) (finding that Government's withdrawal of argument for an enhancement that

contradicted terms of the plea agreement cured the breach). "Cure, unlike harmless error, is the removal of legal defect or correction of legal error; that is, performance of the contract." *Id.* at 294. In light of the explicit statements by the Government that the enhancement was not being sought, Villarreal-Parades has not shown a clear or obvious error. *See Puckett*, 556 U.S. at 135; *Purser*, 747 F.3d at 293-94.

Even if Villarreal-Parades could show clear or obvious error, he could not show an effect on his substantial rights. The district court indicated its intent to apply the enhancement regardless of the terms of the plea agreement, stating that it could not pretend that Villarreal-Parades was not a leader or organizer. Thus, there is not a reasonable probability that his guidelines range would have been lower or that he would have received a lesser sentence. *See United States v. Hebron*, 684 F.3d 554, 559 (5th Cir. 2012).

The Government argues that Villarreal-Parades's appeal waiver should be enforced and his appeal should be dismissed. Because Villarreal-Parades had the right to raise a claim of a breach of the plea agreement, and Villarreal-Parades makes no other argument challenging his conviction or sentence, we do not dismiss the appeal. *See United States v. Pizzolato*, 655 F.3d 403, 412 (5th Cir. 2011).

The judgment of the district court is **AFFIRMED**.